**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR BREACH OF GUARD DUTY AND DISOBEYING ORDER INVESTIGATION | ML No: 22-ml-937 |

*Reference:*   ***DOJ Ref. # CRM-182-70648***

**APPLICATION OF THE UNITED STATES FOR AN ORDER**
**FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Brenda J. Johnson, Assistant United States Attorney, U.S. Attorney's Office for the District of Columbia (USAO-DC), U.S. Department of Justice (or a substitute or successor subsequently designated by the USAO-DC), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Czech Republic.  In support of this application, the United States asserts:

**RELEVANT FACTS**

1.      The Central Authority of the Czech Republic, the Supreme Public Prosecutor's Office, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty between the United States of America and the Czech Republic on Mutual Legal Assistance in Criminal Matters, Czech – U.S., Feb. 4, 1998, S. TREATY DOC. NO. 105-47 (1998), as supplemented by the Supplementary Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, Czech – U.S., May 16,

2006, S. TREATY DOC. NO. 109-13 (the Treaty).

2.      As stated in the Request, the Prosecuting Attorney's Office for Brno, in the Czech Republic, is prosecuting defendants A, B, C, and D, Czech military officials (collectively, the defendants), for extortion, disobeying order, breach of guard duty, and failure to provide assistance, which occurred on or about October 22, 2018, in violation of the criminal law of the Czech Republic, specifically, Sections175, 375, 389, and 150, respectively, of the Czech Criminal Code.  Specifically, defendants A and B are charged with extortion and disobeying orders, and defendants C and D are charged with breach of guard duty and failure to provide assistance.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Czech authorities, on or about October 22, 2018, soldiers of the First Unit for Support and Assistance of the Army of the Czech Republic (Czech Unit) as part of Seventieth Task Force of the Army of the Czech Republic were operating in the territory of Afghanistan as part of NATO forces.  The Czech Unit was deployed on a military mission in the territory of the Islamic Republic of Afghanistan.  During the military mission, the Czech Unit learned that a member of the Special Forces of the Afghan Army (victim) was detained at Camp Conde military base (military base) in Shindand, Herat Province, Afghanistan, in connection with an alleged shooting of coalition soldiers on October 22, 2018, which resulted in the death of a Czech Army member and injuries to other Czech Army members.

4.      In connection with the alleged shooting, the Czech Unit questioned the victim while the victim was detained at the military base.  Czech authorities allege that defendants A and B exposed the victim to physical violence and disobeyed the Czech Unit commander's order to obtain photographs of the victim's physical condition.  During the incident, defendants C and

D failed to properly guard the victim, take action to prevent acts of violence against the victim, and provide assistance to the victim.  During the incident, the victim was gravely injured, and later, while still in custody on the military base, the victim died.

5.     During their investigation, Czech authorities learned that U.S. military personnel and other military base personnel were present and may have relevant information about the aforementioned alleged criminal conduct.

6.     To further the investigation, Czech authorities have asked U.S. authorities to provide official records from the U.S. military, conduct interviews of current and former personnel of the U.S. military, and other military personnel.

## LEGAL BACKGROUND

7.     A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8.     The United States and the Czech Republic entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Treaty pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Article 5(1)  ("The… courts…shall have…authority to issue such orders to execute a request…as are authorized under the laws of the Requested State…").

9.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Public Prosecutor's Office, the designated Central Authority in the Czech Republic and seeks

assistance in the prosecution of extortion, disobeying order, breach of guard duty, and failure to provide assistance – criminal offenses in the Czech Republic.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., official records and witness interviews, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

15.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.

16.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Brenda J. Johnson  as a commissioner (or a substitute or successor subsequently designated by the USAO-DC) to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. BAR NUMBER 481052

By:      *Brenda J. Johnson*
Brenda J. Johnson
Assistant United States Attorney
D.C. Bar Number 370737
United States Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7801
Brenda.Johnson@usdoj.gov

8